1

1   UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF MISSISSIPPI
2           GREENVILLE DIVISION

3

4   UNITED STATES OF AMERICA                        PLAINTIFF

5   VS.                                    NO. 4:17-CR-131-1

6   SCOTT E. NELSON                                 DEFENDANT

7

8              WAIVER OF INDICTMENT HEARING

9

10        BEFORE HONORABLE DEBRA M. BROWN
              UNITED STATES DISTRICT JUDGE

11

12            Greenville, Mississippi
                August 20, 2019

13

14  APPEARANCES:

15  For the Government:    CLAYTON A. DABBS, ESQUIRE
                           KIMBERLY M. HAMPTON, ESQUIRE
16                         U.S. Attorney's Office
                           900 Jefferson Avenue
17                         Oxford, Mississippi  38655

18  For the Defendant:     PHILIP MANSOUR, JR., ESQUIRE
                           Mansour & Adams
19                         P. O. Box 1406
                           Greenville, Mississippi  38702-1406
20

21
    Court Reporter:        BRENDA D. BLACKBURN, RPR, CCR #1087
22                         Federal Official Court Reporter
                           305 Main Street
23                         Greenville, Mississippi  38701

24

25

2

1          (Convened:  2:59  p.m.)

2          **THE COURT:**  Good afternoon.  Be seated.

3          Please call our case.

4          **COURTROOM DEPUTY:**  The Court calls case number

5   4:17-CR-131-1, United States of America versus Scott E.

6   Nelson.

7          **THE COURT:**  This is a Waiver of Indictment Hearing

8   as to Information.  For the record, who is here on behalf on

9   the government?

10         **MR. DABBS:**  Clay Dabbs, Your Honor.

11         **MS. HAMPTON:**  And Kimberly Hampton, Your Honor.

12         **THE COURT:**  And who is here as counsel for the

13  defendant?

14         **MR. MANSOUR:**  Philip Mansour, Jr., Your Honor.

15         **THE COURT:**  And our representative from probation?

16         **PROBATION OFFICER:**  Blaine Anderson, Your Honor.

17         **THE COURT:**  Are you all prepared to proceed?

18         **MR. DABBS:**  Yes, Your Honor.

19         **MR. MANSOUR:**  Yes.

20         **THE COURT:**  You may come forward then.

21         (Parties Complied.)

22         **THE COURT:**  Would you please administer the oath to

23  the defendant.

24         **COURTROOM DEPUTY:**  Raise your right hand.

25         (Oath administered by courtroom deputy.)

1        **THE COURT:**  Sir, what is your full legal name?

2        **THE DEFENDANT:**  Oh, mine?  I'm sorry.  Scott Elbert

3  Thompson Nelson.

4        **THE COURT:**  Okay, Elbert is E-l-b-e-r-t?

5        **THE DEFENDANT:**  That's correct.  Yes.

6        **THE COURT:**  Mr. Nelson, do you understand that you

7  are now under oath and if you answer any question I ask you

8  falsely or untruthfully, that false or untruthful answer may

9  be used against you in a prosecution for perjury or making a

10  false statement?

11        **THE DEFENDANT:**  Yes, Your Honor.

12        **THE COURT:**  Do you understand that you have the

13  right to remain silent and not answer any of the Court's

14  questions?

15        **THE DEFENDANT:**  Yes, Your Honor.

16        **THE COURT:**  Is it correct that you now wish to

17  plead guilty to the charges in the Information pursuant to a

18  written plea agreement with the government?

19        **THE DEFENDANT:**  Yes, Your Honor.

20        **THE COURT:**  There are a number of questions then

21  that I must ask you to make sure that you're fully informed

22  of your rights and that you understand your rights in this

23  proceeding.  If you do not understand any question I ask,

24  let me know and I will clarify it for you.  You may speak

25  with your attorney at any point during this proceeding, even

4

1    if there is a question posed.  Do you understand?

2              **THE DEFENDANT:**  I do.  Yes, sir, Your Honor.

3              **THE COURT:**  What is your current age?

4              **THE DEFENDANT:**  55.

5              **THE COURT:**  How many years of school have you

6    completed?

7              **THE DEFENDANT:**  I finished four years of college

8    and four years of medical school.

9              **THE COURT:**  Now, are you now under the influence of

10   any medicine, drugs, or alcohol?

11             **THE DEFENDANT:**  No.

12             **THE COURT:**  Is there any prescription that you are

13   required to take that you did not take in the past 24 to 48

14   hours?

15             **THE DEFENDANT:**  No, Your Honor.

16             **THE COURT:**  Have you ever been treated or

17   hospitalized for an addiction to drugs?

18             **THE DEFENDANT:**  No, Your Honor.

19             **THE COURT:**  Have you ever been treated for a mental

20   illness?

21             **THE DEFENDANT:**  No, Your Honor.

22             **THE COURT:**  And do you suffer from any mental

23   disability or physical condition that would prevent you from

24   hearing everything that happens during this proceeding today

25   or understanding the nature of the charges against you or

1    the consequences of the guilty plea?

2           **THE DEFENDANT:**  No, Your Honor.

3           **THE COURT:**  Based on Mr. Nelson's responses, the

4    Court finds that he is competent to waive indictment and

5    plea to the Information in this case.

6           Mr. Nelson, you have a constitutional right to be

7    charged by an indictment by a grand jury, but you can waive

8    that right and consent to being charged in an Information

9    signed by the United States Attorney.  If you do not waive

10   indictment, you may not be charged with a felony until a

11   grand jury finds by return of the indictment that there is

12   probable cause to believe that a crime has been committed

13   and that you committed that crime.  Here, felony charges

14   have been brought against you in an Information instead of

15   an indictment.  If you choose not to waive indictment, the

16   government may present the case to a grand jury and ask it

17   to indict you.  Now, a grand jury is composed of at least

18   16, and not more than 23 persons, and at least 12 Grand

19   Jurors must find that there is probable cause to believe you

20   committed the crime with which you are charged before you

21   may be indicted.  Now, of course, the grand jury may or may

22   not indict you.  But if you choose to waive indictment by

23   the grand jury, the case will proceed against you on the

24   Information just as though you had been indicted.  So some

25   questions for you in that regard.

6

1      Do you understand your right to indictment by a

2 grand jury?

3           **THE DEFENDANT:**  I do.  Yes, Your Honor.

4           **THE COURT:**  Do you understand that you have not

5 been indicted on the charges in the Information in this case

6 and that the only thing that has happened is that the United

7 States Attorney has signed an affidavit charging you with

8 the crime in the Information?

9           **THE DEFENDANT:**  I do, Your Honor.

10          **THE COURT:**  Do you understand that a grand jury has

11 not heard any evidence and decided whether you should be

12 brought to trial for the charges in the Information, and

13 that you have a right to a grand jury to consider the

14 evidence against you?

15          **THE DEFENDANT:**  I do, Your Honor.

16          **THE COURT:**  Now, have you specifically discussed

17 waiving your right to an indictment by a grand jury with

18 your attorney?

19          **THE DEFENDANT:**  Briefly, we have, Your Honor.

20          **THE COURT:**  Have you discussed it with your

21 attorney to your satisfaction such that you still wish to

22 plead and waive indictment to --

23          **THE DEFENDANT:**  I do wish, yes.

24          **THE COURT:**  -- to the Information?

25          **THE DEFENDANT:**  I do, Your Honor.

1      **THE COURT:**  Okay.  So, in fact, while we're on that

2  topic then, let me ask you these questions that I usually

3  reserve for the end.  Are you satisfied with your attorney's

4  representation of you?

5      **THE DEFENDANT:**  Yes, I am, Your Honor.

6      **THE COURT:**  Do you believe your attorney has

7  represented your best interest in this case?

8      **THE DEFENDANT:**  Yes, Your Honor.

9      **THE COURT:**  And has your attorney answered any

10  questions that you have about your case, including waiving

11  indictment and pleading guilty to your full satisfaction?

12      **THE DEFENDANT:**  He has, Your Honor.

13      **THE COURT:**  And have any threats or promises been

14  made to induce you to waive indictment?

15      **THE DEFENDANT:**  None, Your Honor.

16      **THE COURT:**  Then the pivotal question is whether or

17  not you wish to waive your right to indictment by a grand

18  jury?

19      **THE DEFENDANT:**  I do, Your Honor.

20      **THE COURT:**  Okay, is there a written waiver of

21  indictment?

22      (Counsel and defendant conferring.)

23      **THE DEFENDANT:**  If I might ask the Court one

24  question.  Should I do "Scott E. T. Nelson," my full legal

25  name?

8

1          **THE COURT:**  However you would like to sign it.

2          **THE DEFENDANT:**  Okay.

3          **THE COURT:**  So long as we know that it is you.

4          **THE DEFENDANT:**  Okay.

5          **THE COURT:**  And we're all witnessing you sign it,

6     and your counsel will have to sign it as well.

7          **MR. MANSOUR:**  May I approach, Your Honor?

8          **THE COURT:**  You may.

9          (Mr. Mansour handed documents to Court.)

10         **THE COURT:**  While I'm reviewing the written waiver

11    of indictment, I see -- and saw Mr. Nelson actually sign it

12    here in court, and I see that -- his signature of his

13    attorney as well.  So the Court is going to sign the waiver.

14         The Court does find that the waiver is knowing and

15    voluntarily made by the defendant, and is accepted by the

16    Court, and the waiver will be filed.

17         Do we have a copy of the Information, Mr. Dabbs?

18         **MR. DABBS:**  Yes, Your Honor.

19         **THE COURT:**  Would you bring that forward.

20         (Counsel complied.)

21         **THE COURT:**  All right, the Information will be

22    filed as well.

23         Now, Mr. Nelson, can you confirm for me that you

24    received a copy of the Information and reviewed the charges

25    against it?

1    **THE DEFENDANT:**  I did, your Honor.

2    **THE COURT:**  -- against you contained in that

3  information?

4    **THE DEFENDANT:**  (Nodding.)

5    **THE COURT:**  The Information contains one count.

6  And that count, Count 1, charges you with concealing the

7  commission of a felony in violation of Title 18, United

8  States Code, §4.

9    Would you like to have the Information read or is

10 reading waived?

11   **THE DEFENDANT:**  We -- we have read it.  I'm fine

12 with proceeding.

13   **THE COURT:**  So you would like to waive reading?

14   **THE DEFENDANT:**  Yes, ma'am.  Yes, Your Honor.

15   **THE COURT:**  Are you fully aware of what you're

16 charged with in the Information?

17   **THE DEFENDANT:**  I am, Your Honor.

18   **THE COURT:**  And have you discussed the charges in

19 the Information with your attorney?

20   **THE DEFENDANT:**  I have.

21   **THE COURT:**  Before you could be found guilty of the

22 charges in the Information, the government would have to

23 prove certain elements against you beyond a reasonable

24 doubt.

25   Mr. Dabbs, would you please advise us of the

1    elements.

2         **MR. DABBS:**  Yes, Your Honor.  The government will

3    have to prove the following elements beyond a reasonable

4    doubt:

5         First, that a federal felony was committed as

6    charged; that is, healthcare fraud in violation of Title 18,

7    United States Code, §1347, which has the following elements:

8         A person knowingly and willfully executed a scheme

9    to defraud Medicare, a healthcare benefit program affecting

10   interstate commerce, and that person acted with specific

11   intent to defraud and use material false and fraudulent

12   representations in connection with the delivery of or

13   payment for healthcare benefits, items, or services.

14        Second, that the defendant had knowledge of the

15   commission of a felony.

16        Third, that the defendant failed to notify an

17   authority as soon as possible.  And authority includes a

18   federal judge or some other federal civil or military

19   authority, such as a federal grand jury, Secret Service, or

20   FBI agent.

21        And fourth, that the defendant did an affirmative

22   act as charged to conceal the crime.

23        **THE COURT:**  Mr. Nelson, having heard those elements

24   of the proof, do you have any questions about them or the

25   nature of the charges in this case as set forth against you?

11

1      **THE DEFENDANT:**  I do not, Your Honor.

2      **THE COURT:**  We will turn next then to the evidence

3  that the government has supporting the charges in the

4  Information, and to the extent if you were indicted by a

5  grand jury that it would be prepared to prove against you if

6  your case proceeded to a trial.

7      Mr. Dabbs, what is the government's evidence?

8      **MR. DABBS:**  The government would offer the

9  testimony of law enforcement officers and lay witnesses, and

10  would present both physical and documentary evidence to

11  prove that Scott Nelson committed Misprison of a Felony in

12  violation of Title 18, United States Code, §4.

13  Specifically, Medicare was a federal healthcare -- health

14  insurance program that provided coverage for individuals 65

15  years or older and for certain disabled individuals.

16  Medicare was financed by federal funds from payroll taxes

17  and premiums paid by beneficiaries.  Medicare was a

18  healthcare benefit program as defined by Title 18, United

19  States Code, §24(b), and affected interstate commerce.

20      If certain requirements were met, Medicare covered

21  hospice care.  To qualify for hospice care, a patient must

22  be certified by a physician as terminally ill with a life

23  expectancy of six months or less, if the terminal condition

24  runs its normal course.  At the end of a 90-day enrollment

25  period, a physician may recertify a patient for hospice care

12

1    if the patient remained terminally ill.

2           Charline Brandon was the actual owner and person

3    primarily responsible for the operation of Haven Hospice and

4    Palliative Care, North Haven Hospice and Palliative Care,

5    and Lion Hospice and Palliative Care.  Haven Hospice, North

6    Haven Hospice, and Lion Hospice applied for and received a

7    Medicare provider number and a Medicaid provider number to

8    -- purportedly to provide hospice services in Mississippi.

9    The primary headquarters for Ms. Brandon's hospice

10   operations was in Cleveland, Mississippi.  Haven Hospice,

11   North Haven Hospice, and Lion Hospice as purported hospice

12   providers submitted claims and received payments from

13   Medicare.  Charline Brandon, through the aforementioned

14   hospices, fraudulently submitted claims to Medicare for

15   hospice services that were not medically necessary, and that

16   were not actually provided to the patient and for patients

17   who had been solicited and recruited by patient recruiters.

18          Dr. Scott Nelson served as a Medical Director for

19   Charline Brandon's hospice operations, among others.  In

20   return for his services as a medical director, Brandon paid

21   Dr. Nelson a monthly fee.

22          After being interviewed by Medicare auditors in

23   2013 and again, federal agents in September of 2014,

24   Dr. Nelson knew that Charline Brandon was defrauding

25   Medicare, which is a felony.  Dr. Nelson failed to notify

1    authorities as soon as possible when he became aware of the

2    commission of the felony. Dr. Nelson also committed an

3    affirmative act of concealment. For example, after the

4    interviews, Dr. Nelson received some payments from Brandon's

5    hospice operations, and others, in cash instead of a check,

6    the effect of which was to conceal some of the payments that

7    Brandon's hospices made to his clinic. Dr. Nelson

8    specifically admits that he could have notified the

9    authorities without incriminating himself during the

10   investigation and waives any defense related to his

11   constitutional rights against self-incrimination.

12           The government would ask the Court to take judicial

13   notice that Bolivar County is in the Northern Judicial

14   District of Mississippi.

15           **THE COURT:** It is so noted.

16           Mr. Nelson, having heard the government's evidence

17   against you, do you understand everything that the

18   government's counsel said?

19           **THE DEFENDANT:** I do, Your Honor.

20           **THE COURT:** Now, is everything that the

21   government's counsel said about you and about your conduct

22   true and correct?

23           **THE DEFENDANT:** I do. It is, Your Honor.

24           **THE COURT:** Do you wish to plead guilty to Count 1

25   of the Information because you are indeed guilty?

14

1          **THE DEFENDANT:**  I do, Your Honor.

2          **THE COURT:**  The Court finds then that there is an

3    actual basis for Mr. Nelson to plead guilty to the charges

4    in the Information.

5          I next will advise you of the maximum possible

6    penalties applicable to your case.  And they are

7    imprisonment for not more than three years, supervised

8    release after imprisonment for not more than one year, a

9    fine of not more than $250,000, restitution as appropriate,

10   and a special assessment of $100.

11         To the extent you plead to the information here

12   today and the Court accepts your plea, the Court is going to

13   sentence you.  If the Court sentences you to serve time in

14   prison, do you understand that you may be subject to

15   supervised release for a period of time after you've been

16   released from prison?

17         **THE DEFENDANT:**  I do, Your Honor.

18         **THE COURT:**  Do you understand that if you violate

19   one or more of the conditions of supervised release that you

20   may be returned to prison for all or part of the supervised

21   release period?

22         **THE DEFENDANT:**  I do, Your Honor.

23         **THE COURT:**  Do you have any questions at all about

24   any of the penalties that the Court has just discussed?

25         **THE DEFENDANT:**  None at this time, Your Honor.

15

1     **THE COURT:**  Regarding the plea agreement,

2  Mr. Dabbs, would you please state its substance for the

3  record.

4     **MR. DABBS:**  Yes, your Honor.

5     The defendants -- the defendant agrees to plead

6  guilty under oath to Count 1 of an Information which charges

7  that the defendant, Scott E. Nelson, having knowledge of the

8  commission of a felony cognizable by a court of the United

9  States did conceal the same and did not as soon as possible

10  make known to the same, to some judge or other person, civil

11  or military authority under the United States, in violation

12  of Title 18, United States Code, §4, which carries the

13  maximum penalties as the Court has just described.

14     The United States agrees not to charge the

15  defendant with any other offenses arising from or related to

16  the above charge and agrees to dismiss all other charges in

17  the indictment upon the conclusion of sentencing on Count 1

18  of the Information.

19     The defendant understands that the Court may order

20  restitution in accordance with the provisions of Title 18,

21  United States Code, §3663 for all offenses committed, and

22  specifically agrees that restitution is not limited to the

23  count of conviction.

24     This agreement does not bind any prosecuting

25  authority of any state or any other federal district, nor

1   does it bind the Attorney General of the United States with

2   regard to any matter criminal or civil involving federal tax

3   laws.  Except for prosecutorial misconduct and ineffective

4   assistance of counsel relating to the validity of the waiver

5   of the appeal and the validity of the guilty plea itself,

6   the defendant hereby expressly waives any and all rights to

7   appeal the conviction and/or sentence imposed in this case,

8   and the manner in which sentence was imposed on any ground

9   whatsoever including but not limited to the grounds set

10  forth in Title 18, United States Code, §3742.  Except for

11  prosecutorial misconduct and ineffective assistance of

12  counsel relating to the validity of the waiver of the appeal

13  and the validity of the guilty plea itself, the defendant

14  also hereby expressly waives all rights to contest or

15  collaterally attack the conviction and/or sentence and the

16  manner in which the sentence was imposed in any

17  post-conviction proceeding, including but not limited to a

18  motion brought pursuant to Title 28, United States Code,

19  §2255.  The defendant waives these rights in exchange for

20  the concessions and recommendations made by the United

21  States in this plea agreement.  If the defendant violates

22  this agreement, all statements made pursuant hereto will be

23  admissible against the defendant, who hereby waives the

24  provisions of Rule 11(f) of the Federal Rules of Criminal

25  Procedure, and Rule 410 of the Federal Rules of Evidence.

1      Apart from being advised of the applicability of

2   the U.S. Sentencing Guidelines, and other than as set forth

3   elsewhere in the plea documents, no promise or

4   representation whatsoever has been made to the defendant as

5   to what punishment the Court might impose if it accepts the

6   plea of guilty.

7      Furthermore, no promise or representation

8   whatsoever has been made to the defendant as to what

9   consequences the defendant may face related to his state

10  medical license, his billing privileges with Medicaid and/or

11  Medicare, and his prescription privileges with the Drug

12  Enforcement Administration, as well as any other licenses or

13  privileges associated with the defendant's ability to

14  practice medicine as a licensed medical doctor.

15     The defendant's agreement is knowing, free, and

16  voluntary, and not the product of force, threat, or

17  coercion.  The defendant is pleading guilty because the

18  defendant is, in fact, guilty.

19     Your Honor, there's a provision in the plea

20  supplement as to the loss.

21     **THE COURT:**  Mr. Nelson, did you understand

22  everything that the government's counsel just stated?

23     **THE DEFENDANT:**  I did, Your Honor.

24     **THE COURT:**  Did he accurately state the substance

25  of the plea agreement as you understand its terms to be?

18

1    **THE DEFENDANT:**  He did, Your Honor.

2    **THE COURT:**  I presume that you have seen a copy of

3  the plea documents.  If you have a copy of them there with

4  you now, would you please confirm that the signature that is

5  reflected on both the plea agreement and the supplement is

6  indeed where you signed?

7    **THE DEFENDANT:**  It is, Your Honor.

8    **THE COURT:**  And did you discuss the contents of the

9  plea documents with your attorney before you signed them?

10    **THE DEFENDANT:**  I did.

11    **THE COURT:**  Mr. Mansour, can you confirm that you

12  did discuss the terms of the plea documents with Mr. Nelson

13  before he signed the plea documents as well as the evidence

14  that the government has relative to the case?

15    **MR. MANSOUR:**  I did, Your Honor, as well as the

16  plea supplement to the plea agreement.

17    **THE COURT:**  Now, with regard to that provision in

18  the plea supplement as to loss that the government's counsel

19  mentioned, do you understand that if the Court decides to

20  accept the plea agreement to the extent that I reject that

21  provision, that I will give you the opportunity to withdraw

22  your guilty plea, but if you choose not to withdraw that

23  plea, I may impose a more severe sentence without being

24  bound by that provision?

25    **THE DEFENDANT:**  That is my understanding, Your

1   Honor.  Yes.

2          **THE COURT:**  Then the government's counsel also

3   mentioned your waiver of rights to appeal.  I know it's part

4   of the plea agreement.  But I want to make sure that you

5   understand that you waive all rights to appeal or

6   collaterally attack your conviction if you plead here today

7   to the Information with the limited exceptions of

8   prosecutorial misconduct and ineffective assistance of

9   counsel?

10         **THE DEFENDANT:**  I understand, Your Honor.

11         **THE COURT:**  Mr. Dabbs, would you provide the

12  original copy of the plea documents?

13         **MR. DABBS:**  Yes, Your Honor.

14         (Counsel Complied.)

15         **THE COURT:**  The plea agreement will be filed; the

16  plea supplement filed under seal.

17         Mr. Nelson, do you understand that the offense to

18  which you wish to plead guilty is a felony and that if you

19  plead guilty and the Court accepts your plea, you will be

20  adjudged guilty of that felony and that that adjudication

21  may affect your eligibility to vote, hold public office, sit

22  on a jury, or possess any kind of firearm whatsoever?

23         **THE DEFENDANT:**  I do, Your Honor.

24         **THE COURT:**  To the extent the Court will sentence

25  you, it will be guided by the Sentencing Guidelines

20

1   Commission's -- I mean the Sentencing Commission's

2   Guidelines.  Can you tell me whether or not you and your

3   attorney have discussed how the guidelines might affect your

4   case?

5          **THE DEFENDANT:**  I'm sorry.  Could you repeat that,

6   Your Honor?

7          **THE COURT:**  To the extent the Court will sentence

8   you, the Court will be guided by the sentencing guidelines

9   implemented by the United States Sentencing Commission.  Can

10  you confirm that you and your attorney have discussed how

11  those guidelines might apply to your case?

12         **THE DEFENDANT:**  We have, Your Honor.

13         **THE COURT:**  Do you understand that those guidelines

14  are only advisory, which means the Court is not bound to

15  follow them at all?

16         **THE DEFENDANT:**  I do, Your Honor.

17         **THE COURT:**  Do you understand that the Court will

18  not be able to determine your guideline sentence until after

19  a presentence report has been prepared and you've had the

20  opportunity to review it as well as counsel for the

21  government, and your counsel, and determine whether or not

22  you have any objections to anything in there, whether it's

23  the application of the guidelines recommended by the

24  probation officer or any facts reported?

25         **THE DEFENDANT:**  I do, Your Honor.

1        **THE COURT:**  Do you understand that the sentence

2  imposed may be different from any estimate that your

3  attorney may have provided you?

4        **THE DEFENDANT:**  I do, Your Honor.

5        **THE COURT:**  Do you understand that after your

6  guideline range has been determined, the Court has the

7  authority in some circumstances to depart upward or downward

8  from the guideline sentence, and that means simply that the

9  Court may impose a more severe sentence or a less severe

10  sentence than what is called for by the guidelines?

11        **THE DEFENDANT:**  I do, Your Honor.

12        **THE COURT:**  Do you understand that regardless of

13  the guidelines range, the Court has the authority to

14  sentence you up to the maximum time allowed by law, and

15  those maximums are what the Court discussed earlier?

16        **THE DEFENDANT:**  I do, Your Honor.

17        **THE COURT:**  Do you understand that if you are

18  sentenced to serve time in prison, you will not be released

19  on parole because parole has been abolished in this federal

20  court?

21        **THE DEFENDANT:**  I do, Your Honor.

22        **THE COURT:**  The next set of questions that I'm

23  going to ask you concern your constitutional rights, and in

24  particular your waiver of those rights if you plead guilty

25  here today.

22

1        First, do you understand you have the right to

2    plead not guilty?

3              **THE DEFENDANT:**  I do, Your Honor.

4              **THE COURT:**  Do you understand that under the

5    Constitution and the laws of this country, you are entitled

6    to a speedy and public trial by jury on the charges against

7    you?

8              **THE DEFENDANT:**  I do, Your Honor.

9              **THE COURT:**  Do you understand that if you had a

10   trial, you would be presumed innocent of the charges and the

11   government would have to prove your guilt beyond a

12   reasonable doubt before you could be found guilty?

13             **THE DEFENDANT:**  I do, Your Honor.

14             **THE COURT:**  Do you understand that if you had a

15   trial, the government's witnesses would have to come into

16   court and testify in your presence, that your attorney could

17   cross-examine the government's witnesses and your attorney

18   could call witnesses to testify on your behalf?

19             **THE DEFENDANT:**  I do, Your Honor.

20             **THE COURT:**  Do you understand that if you had a

21   trial, you would have the right to require that witnesses

22   come to court and testify?

23             **THE DEFENDANT:**  I do, Your Honor.

24             **THE COURT:**  Are you aware as well that if you wish

25   to testify in your own defense, you would have the right to

1    do so.  But if you chose not to testify in your own defense,

2    the fact that you did not testify could not be used against

3    you?

4              **THE DEFENDANT:**  I do, Your Honor.

5              **THE COURT:**  Do you understand that if you had a

6    trial and were convicted, you would have the right to appeal

7    your conviction and your sentence?

8              **THE DEFENDANT:**  I do, Your Honor.

9              **THE COURT:**  If you plead guilty here today,

10   Mr. Nelson, and the Court accepts your plea, based upon your

11   responses, can you confirm for me that you understand that

12   you're going to waive your right to trial by jury and all of

13   the other constitutional rights that I just discussed with

14   you?

15             **THE DEFENDANT:**  I do, Your Honor.

16             **THE COURT:**  So also confirm for me then that you

17   understand that if you plead guilty and the Court accepts

18   your plea, there's not going to be a trial; I'm going to

19   enter a judgment of guilty, and then I'm going to sentence

20   you after I've considered information in the presentence

21   report.

22             **THE DEFENDANT:**  I do, Your Honor.

23             **THE COURT:**  Do you have any questions about your

24   rights, or your waiver of your constitutional rights?

25             **THE DEFENDANT:**  I do not.

24

1      **THE COURT:**  Has your attorney specifically

2    discussed giving up these constitutional rights with you?

3      **THE DEFENDANT:**  He has.

4      **THE COURT:**  Is it still your wish then to plead

5    guilty to the information?

6      **THE DEFENDANT:**  Yes, Your Honor.

7      **THE COURT:**  In the case of the United States versus

8    Scott Nelson, Mr. Nelson, how do you plead to Count 1 of the

9    Information?

10      **THE DEFENDANT:**  Guilty.

11      **THE COURT:**  It is the finding of this Court then in

12   the case of the United States versus Scott Nelson that,

13   Mr. Nelson, you're fully competent and capable of entering

14   an informed plea, that you're aware of the nature of the

15   charges in the Information and the consequences of the

16   guilty plea and that your guilty plea is knowing and

17   voluntary and supported by an independent basis and fact

18   containing each of the essential elements of the offense,

19   not the result of force, threats, or promises.

20      The Court therefore accepts the guilty plea.

21      The Court will defer acceptance of the plea

22   agreement, however, until after the presentence report has

23   been prepared.

24      Now, with respect to that presentence report, the

25   probation officer will question you for purposes of

1    obtaining information for that report.  I encourage you to

2    have your counsel present while you are being questioned by

3    the probation officer.  I also encourage you to be as honest

4    and forthright in responding to those questions because your

5    responses will by incorporated into that report, and I read

6    every single word in determining what I believe is an

7    appropriate sentence for you in this case.

8          Now, after the presentence report has been prepared

9    -- and I mentioned this earlier -- you will have the

10   opportunity to review it with your attorney.  If you have

11   any objections to anything reported in that presentence

12   report, whether it's facts, or again, the application of the

13   presentence -- of the sentencings guidelines as recommended

14   by the probation officer, your attorney will file those

15   objections on your behalf.  If they are not resolved before

16   your sentencing hearing -- and I'll give you a date for that

17   in a minute -- I will take them up no later than your

18   sentencing hearing.

19         You will have the opportunity to speak on your own

20   behalf at your sentencing as well as your attorney.

21         I'm going to set your sentencing for December 3rd,

22   2019.  That is a Tuesday.

23         Does anyone have a conflict with that date that

24   they are aware of at this point?

25         **MR. MANSOUR:**  May I check real quick, Your Honor?

26

1    **THE COURT:**  Yes.

2        Mr. Dabbs?

3    **MR. DABBS:**  No conflict.

4    **MR. MANSOUR:**  None, Your Honor.

5    **THE COURT:**  Then sentencing will be set for

6    December 3rd, 2019.  I'm going to enter an order with that

7    sentencing date.  There will also be certain deadlines that

8    will need to be met before that sentencing hearing.

9        One thing that you have the option of doing that

10   I'm not going to set a deadline for is submitting reference

11   letters on your behalf, essentially character statements

12   from those who you think have something to say that you want

13   the Court to be aware of before you are sentenced.  I do

14   read those reference letters as closely as I read the

15   presentence report.  Sometimes I find that it -- they

16   present another side of you that may not be reflected in the

17   presentence report.  Sometimes they emphasize things that

18   are in the presentence report.  But it is your option.  You

19   are not required to submit them if you choose not to do so.

20   And they can be from anyone, friend, family, church members,

21   people in the community.  Anyone, again, that you think

22   would have something positive, or just anything that they

23   want to -- me to consider before I sentence you.

24        If you are going to submit reference letters, I

25   urge you to try to get them done and ask those persons to

1    write them as soon as possible.  When they are completed,

2    have them provided to your attorney or have those persons

3    who are writing them provide them to your attorney so your

4    attorney can file them on the docket, to make sure that I

5    have enough time before your sentencing hearing to review

6    them as well as the presentence report.

7              I think the final thing we need to do is address

8    where we are with respect to your bond.  I do understand

9    that you were released from custody after your arrest on a

10   $10,000 secured bond.  I have not been advised that you have

11   violated any of the conditions of your release of the bond.

12   So I'm going to allow you to remain out of custody pending

13   your sentencing hearing.  But keep in mind that the same

14   conditions of your bond will apply.  Make sure that you are

15   familiar with them and that you continue to comply with

16   them.  If I do receive word for any reason that you have not

17   complied with any condition of your bond, then I will see

18   you sooner than your sentencing hearing and we will discuss

19   whether or not you should be taken into custody.  So make

20   sure that you're aware of the conditions and continue to

21   comply with them.

22             That is all the Court has.  Is there anything that

23   we need to take up before we adjourn?

24             **MR. MANSOUR:**  We have nothing further, Your Honor.

25             **MR. DABBS:**  Nothing from the government, Your

28

1    Honor.

2              **THE COURT:**  Okay.  That being the case then,

3    Mr. Nelson, I will see you on December 3rd for your

4    sentencing hearing.  Hopefully, not before.  And this matter

5    is adjourned.

6              **MR. MANSOUR:**  Thank you, Your Honor.

7              **MR. DABBS:**  Thank you, Your Honor.

8              (Recessed:  3:30 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

29

1                          <u>CERTIFICATE</u>

2        I, Brenda D. Blackburn, Federal Official Court Reporter,

3    in and for the United States District Court for the Northern

4    District of Mississippi, do hereby certify that pursuant to

5    Section 753, Title 28, United States Code, that the

6    foregoing 28 pages are a true and correct transcript of the

7    stenographically reported proceedings held in the

8    above-entitled matter and that the transcript page format is

9    in conformance with the regulations of the Judicial

10   Conference of the United States.

11       Witness my hand, this <u>6th</u> day of December, 2019.

12

13   _____/s/Brenda D. Blackburn_____

14       BRENDA D. BLACKBURN, RPR, CCR NO. 1087
         Federal Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25